HENRY MICKELSON *vs.* DAVID S. BARNET & others. January 10, 1983. This case, a class action, was reported to this court for determination pursuant to Mass.R.Civ.P. 64, 365 Mass. 831 (1974), by a judge of the Superior Court without decision upon request of the parties and upon an agreement in writing as to all material facts. The United States, originally a defendant, was dismissed upon its motion, and a stipulation of dismissal was signed by all parties.

The plaintiffs, the victims of an embezzlement, invite us to set aside the language of an express trust created by the embezzler and members of his family as donors with five attorneys as trustees. If the trust is valid as drawn, the United States will be entitled to all the assets held by the trust.

The victims claim that, because of haste, the trust agreement failed to express the intention of the donors and the trustees, which was to create a trust only for the benefit of the embezzled creditors and not for the embezzler's general creditors, including the Internal Revenue Service. Paragraphs 1 and 5 of the trust dispose of the plaintiffs' claim. Paragraph 1 provides in relevant part that "[t]he Trustees agree to hold said assets subject to all taxes (the term 'taxes,' whenever used in this Agreement, shall include, without limitation, interest and penalties applicable thereto) which may be properly chargeable and enforceable against the assets hereby conveyed or which may hereafter be conveyed into this trust, . . . and upon the Trustees herein being satisfied that said tax liabilities are not chargeable against said assets, to distribute the same in accordance with the terms and provisions of this instrument." Paragraph 5 provides for distribution of "the residue of said monies, after paying all taxes and all other priorities due, among the remaining creditors in proportion to their claims . . .."

Even if we were to consider the stipulation as to the parties' intent, but see Restatement (Second) of Trusts §§ 38(2) and 164 comment e (1959), such evidence cannot negate the explicit language of paragraphs 1 and 5 without putting an "impossible strain on the words used." See *Antonellis* v. *Northgate Constr. Corp.*, 362 Mass. 847, 851 (1973). Paragraphs 1 and 5 make clear that taxes take precedence over payment of any other creditors.

Since the embezzler's tax liability exceeds the assets of the trust, and since the United States is entitled to priority under paragraphs 1 and 5, we need not decide whether it may also recover as a general creditor under paragraph 5. Accordingly, the case is remanded to the Superior Court for the entry of a judgment declaring that the defendants as trustees hold the assets upon a trust which gives priority to the payment of taxes.

*So ordered.*

*Daniel D. Levenson (J. Thomas Price* with him) for the plaintiffs.